**United States District Court**

For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RONALD REYNOLDS,                            No. C 06-06216 SI

9              Plaintiff,                         **ORDER DENYING DEFENDANTS'
                                                  VENUE MOTION AND GRANTING**
10       v.                                       **DEFENDANTS' MOTION TO DISMISS**

11   FORTIS BENEFITS INSURANCE COMPANY,
     et al.,
12
              Defendants.
13   _____/

14       Defendants have filed a motion to dismiss or transfer for improper venue, or in the alternative

15   to transfer for convenience, and a motion to dismiss plaintiff's second and third claims for relief.

16   Having considered the papers submitted, the Court DENIES defendants' motion regarding venue, and

17   GRANTS defendants' motion to dismiss, with leave to amend.

18

19                                      **BACKGROUND**

20       Plaintiff Ronald Reynolds ("Plaintiff") is a former litigation partner at Kaye Scholer, LLP

21   ("Kaye"). Kaye's main office is located in New York, NY. Plaintiff worked at Kaye's Los Angeles

22   office. Kaye does not have an office in the Northern District of California. Defendant Kaye Scholer

23   Long Term Disability Insurance Plan ("the Plan") is an employee welfare benefit plan governed by the

24   Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Defendant Union

25   Security Life Insurance Company of New York ("USLICNY"), formerly known as First Fortis Life

26   Insurance Company, issued a disability policy to the Plan to insure employees of Kaye, including

27   Plaintiff. USLICNY is organized under the laws of New York and is domiciled in New York State. It

28

United States District Court

For the Northern District of California

1   does not do business in California, nor does it have any employees in California.  Defendant Union

2   Security Insurance Company ("USIC"), formerly known as Fortis Benefits Insurance Company ("Fortis")

3   and a subsidiary of Assurant, Inc. ("Assurant"), administered Plaintiff's claim for Plan benefits and

4   performed all claims processing activities with respect to Plaintiff's claim for benefits.  USIC is

5   incorporated under the laws of the State of Iowa, and its principal place of business is located in Kansas

6   City, Missouri.  USIC performed all claims processing activities with respect to Plaintiff in the State of

7   Missouri.  USIC, under the marketing name "Assurant Employee Benefits," maintains a sales office in

8   the Northern District of California.

9          This lawsuit arises out of Defendants' denial of disability payments to Plaintiff.  Plaintiff

10  maintains that he complied with all the material provisions of the Plan at all material times.  While

11  insured under the Plan, Plaintiff allegedly became disabled.  His claimed maladies included "significant

12  cognitive impairment, chronic hypoxic brain injury, sleep apnea, [and] fibromyalgia."  Comp. ¶ 11.

13  According to Plaintiff, his condition rendered him unable to perform the duties of his regular occupation.

14  Shortly after Plaintiff's condition began, Defendants initiated payments under the terms of the Plan.  On

15  or about August 31, 2005, Defendant USIC terminated Plaintiff's disability payments, contending that

16  Plaintiff's condition did not prevent him from performing a single material duty of his occupation.

17  Plaintiff alleges that USIC based its decision on an "unreasonable, biased, and improper independent

18  medical examination . . . ."  Compl. ¶ 14.  Plaintiff further alleges that USIC used inconclusive video

19  recordings to conclude that Plaintiff could perform activities he reported he could not do.  According

20  to Plaintiff, USIC denied benefits in the face of ample evidence of disability.

21         Plaintiff timely appealed USIC's decision.  He submitted additional evidence of his disability,

22  including declarations of persons who observed his alleged decline and a neuropsychologist's report

23  opining on Plaintiff's "[probably] irreversible" and "slowly dementing" condition.  Defendants denied

24  Plaintiff's appeal.

25         Plaintiff further alleges that USIC has repeatedly refused to provide him with requested

26  documents pertaining to his claim for benefits in contravention of ERISA.  According to Plaintiff, this

27  limits his ability to effectively challenge Defendants' denial of his disability claim.

28         On October 10, 2006, Plaintiff filed the instant lawsuit seeking, under ERISA, recovery of

**United States District Court**

For the Northern District of California

1    disability benefits, damages, and removal of defendants as fiduciaries of the Plan.  Plaintiff's first cause

2    of action is against all Defendants and alleges improper denial of benefits in violation of 29 U.S.C. §

3    1132(a)(1)(B).  Plaintiff's second cause of action is against USIC, USLICNY, and Does 1-10 and alleges

4    a breach of fiduciary duty on behalf of Plaintiff and all other participants and beneficiaries of the Plan

5    under 29 U.S.C. §§ 1104(a)(1), 1109(a), 1132(a)(2), and 1132(a)(3).  To remedy the breach Plaintiff

6    seeks removal of Defendants as Plan fiduciaries.  Plaintiff's third cause of action is against USIC,

7    USLICNY, and Does 11-20 and requests equitable relief under 29 U.S.C. § 1132(a)(3) to remedy the

8    breach of fiduciary duty alleged in the second cause of action.  Plaintiff's fourth cause of action is against

9    USIC, USLICNY, and Does 11-20 and alleges improper failure to produce documents in violation of

10   29 U.S.C. § 1132.[1]

11          On December 4, 2006, Defendants brought the instant motions to dismiss or transfer for improper

12   venue under FRCP 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative to transfer for convenience

13   under 28 U.S.C. § 1404(a).  On the same date, Defendants brought a motion to dismiss Plaintiff's second

14   and third claims for relief pursuant to FRCP 12(b)(6).

15

16   **I.      Improper Venue**

17                                      **LEGAL STANDARD**

18          Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper

19   venue.  Fed. R. Civ. P. 12(b)(3).  When venue in a particular district is improper, the court "shall

20   dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could

21   have been brought."  28 U.S.C. § 1406(a).  Plaintiff brings his claim under ERISA, 29 U.S.C. § 1001,

22   *et seq*.  ERISA's venue provision permits an action to be filed "in the district where the plan is

23   administered, where the breach took place, or where a Defendant resides or *may be found*."  29 U.S.C.

24   § 1132(e)(2) (emphasis added).  A Defendant is "found" in any district where personal jurisdiction can

25   be properly asserted.  *Varsic v. U.S. Dist. Court for Central Dist. of California*, 607 F.2d 245, 248 (9th

26   Cir. 1979).

27   _____

28          [1]The first and fourth causes of action are not at issue in the instant motion.

**United States District Court**

For the Northern District of California

Personal jurisdiction is governed by the "minimum contacts" standard enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310, 318-319.  The Supreme Court summarized the requirements of *International Shoe* and its progeny as follows:

> A defendant must "have certain minimum contacts with the forum State such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.'" . . . While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are, of course, to be considered, . . . an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that State.

*Kulko v. Superior Court of California*, 436 U.S. 84, 92 (1978) (alterations and citations omitted).  In considering personal jurisdiction in an ERISA action, the Ninth Circuit held that where a defendant's activities in the forum are unrelated to the cause of action, defendant is "found" within a forum under section 1132(e)(2) if defendant's activities within the forum are "substantial" or "continuous and systematic." 607 F.2d at 249 (*quoting Data Disc, Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)).  Factors to consider in this analysis include "whether the defendant makes sales, solicits or engages in business within the state, serves the state's markets, designates an agent for service of process, holds a licence, or is incorporated there."  *Bancroft & Masters, Inc., v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Another important factor to consider in a personal jurisdiction analysis is whether defendant would "reasonably anticipate being haled into court" in the forum. *Worldwide Volkswagon Corp. v. Woodsen*, 444 U.S. 286, 297-98 (1980).  In analyzing ERISA's legislative history, the Ninth Circuit concluded that Congress "clearly struck the balance in favor of liberal venue."  607 F.2d at 248.

## DISCUSSION

In the instant case, Defendants contend that venue is not proper under section 1132(e)(2). Defendants largely base their argument on the strength of the action's relationship to other venues. Specifically, Defendants point out that Plaintiff was employed in the Central District of California by a company (Kaye) whose main office is located in New York, the Plan's office is located in New York, the Plan is administered in New York, and Plaintiff's claim was administered in Missouri.  Mot. at 6.

4

**United States District Court**

For the Northern District of California

Defendants argue that because none of the above actions were performed in the Northern District of California, venue here is improper. *Id.* Defendants concede, however, that Defendant USIC is licensed to sell insurance and maintains a sales office in the Northern District of California.[2] *Id*. at 7.

Plaintiff contends that USIC's connections to the Northern District have satisfied the jurisdictional requirement. The limited facts in the record pertaining to USIC's San Francisco office are as follows: Under the trade name "Assurant Employee Benefits," Defendant USIC controls a group sales office in the Northern District of California which accounts for millions of dollars worth of sales. Decl. of Rebecca Grey, Ex. 3 (single sales representative accounted for $3.9 million in group sales in 2004). Further, under the name of its predecessor company "Fortis," USIC has been selling insurance policies to companies in the Northern District of California since at least 1999.[3] *See id.*, Ex. 6,7.

The parties cite several cases which they claim are analogous. Plaintiff cites *Michigan National Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 467 (6th Cir. 1989), in which the court found the "continuous and systematic" requirement satisfied where the non-resident defendant employed independent sales representatives in the forum, solicited business in the forum, and made substantial sales[4] in the forum at least once a month during the relevant time period.[5]

Defendants first cite *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 810-811 (7th Cir. 2002), in which the contacts were limited to the residences of two out of 2,740 members of an insurance plan, neither of whom were parties in the case. *Id*. In Defendants' second cited case, *McFarland v. Yegan*, 699 F. Supp. 10, 15 (D.N.H. 1988), the court found that stock ownership plan trustees had

---

[2]Defendants contend that, contingent upon their motion to dismiss the second and third causes of action, USIC is "not a proper party" (presumably in reference to the first cause of action) because it is neither the Plan nor the Plan administrator. However, Defendants have not filed a formal motion to dismiss USIC from the first cause of action, thus it is proper to consider USIC's contacts for the purposes of venue.

[3]Plaintiff would also like Defendants' communications with Plaintiff's Bay Area lawyers to count towards Defendants' contacts with the forum. Because Plaintiff has failed to cite any case law supporting this notion, the Court declines to consider these contacts in its analysis.

[4]Approximately $280,000, comprising 3% of total sales worldwide

[5]It is important to note that this was not an ERISA case, and therefore did not carry with it the liberal venue principle articulated in *Varsic*. *See* 607 F.2d at 248.

5

United States District Court

For the Northern District of California

insufficient contacts with the forum to establish proper venue under ERISA even though participants resided in the forum and worked for a wholly owned subsidiary in the forum.

Defendants' cited cases are distinguishable from the case at bar. In *Waeltz* the defendants had no contacts with the state; the contacts consisted solely of the residences of two non-party members of the plan. 301 F.3d at 810. *McFarland* also involved only the plaintiff's contacts, with defendants never directing their activities toward the relevant district "to any significant degree." 699 F. Supp. at 15. Here, as in *Michigan National Bank*, the contacts consist of a *defendant corporation's* activities within the forum. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (general jurisdiction requires substantial or continuous and systematic corporate operations within the forum by defendant). As with defendant in *Michigan National Bank*, USIC employs sales representatives in the forum, solicits business in the forum, and makes substantial sales in the forum. In fact, USIC's contacts are even more significant than those in *Michigan National Bank*, as the company also has a sales office in the forum. *See* Decl. of Rebecca Grey, Ex. 2.

Additionally, Plaintiff notes that at least 15 cases exist in this district in which USIC's predecessor Fortis was a party. *See* Opposition at n. 5. Defendants correctly respond that the vast majority of these cases involve plan sponsors and/or beneficiaries located within the forum. Reply at 4-5. However, this does not change the fact that Fortis has been "haled into court" in the Northern District quite frequently.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Defendants' motion to dismiss or transfer for improper venue.

**II.    Transfer for Convenience**

**LEGAL STANDARD**

Under 28 U.S.C § 1404(a), the Court may transfer an action to another district: (1) for the

convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice provided that the action might have been brought in the transferee court.

In cases where transfer is based on "the convenience of witnesses," courts usually require that the party seeking transfer designate:  (1) the key witnesses to be called, (2) where these witnesses are located, (3) a general statement of what their testimony will cover, and (4) why such testimony is relevant or necessary.  *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974).

In situations where a party is transferring the action in "the interest of justice," courts have listed governing factors as including: (1) avoidance of multiple actions, (2) sending the action to the state most familiar with governing law, or (3) the feasibility of consolidation with other actions.  *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974).

Courts interpreting section 1404(a) have added the following considerations:  (1) the special weight given to the plaintiff's choice of forum, and (2) the ease to access of proof.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, some jurisdictions suggest that where plaintiff's choice of forum is a district other than one in which he resides, or if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, his choice will be given considerably less weight.  *Chrystler Capital Corp. v. Woehling*, 663 F. Supp. 478 (D. De. 1987); *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174 (D. Miss. 1985).  Furthermore, the location of counsel is one factor that generally should not govern the judge's exercise of discretion in transferring actions.  *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3rd Cir. 1973).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer.  *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  It is not enough for a defendant merely to show that he prefers another forum, nor will transfer be allowed if the result is merely to shift the inconvenience from one party to another.  *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

7

**DISCUSSION**

Plaintiff does not refute Defendants' contention that the action could have been brought in the Central District of California, the Western District of Missouri, or the "District of New York,"[6] and Defendants' showing in this regard is satisfactory. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992) (moving party must establish that the action might have been brought in the transferee district). Accordingly, the Court's inquiry will focus on Plaintiff's choice of forum, ease of the access to proof, convenience of the parties and witnesses, and the interest of justice.

**1.     Plaintiff's choice of forum**

Plaintiff has chosen the Northern District of California. Defendants argue that this choice should not be given significant weight because the acts on which Plaintiff's causes of action are based all occurred outside the Northern District. Motion at 11. Specifically, Defendants claim that at all material times, Plaintiff lived and worked in Los Angeles, that the events leading to Plaintiff's alleged injury occurred in Los Angeles, that Kaye's office at which Plaintiff was a partner is in Los Angeles, that USIC conducted all claims processing activities with respect to Plaintiff's claim in Kansas City, Missouri, that the Plan is administered in New York, that no Plan participants reside or work in the Northern District, and that the majority of Plaintiff's physicians are located in Los Angeles. *Id.* In response, Plaintiff points out that both his and Defendants' counsel are located in the Northern District, all of the correspondence regarding his disability claim occurred in the Northern District, and both sides' files, including the administrative record, are located in the Northern District. Opp. at 7.

Plaintiff does not reside in the Northern District of California, nor do the transactions giving rise to the action contain a significant connection to the Northern District of California. Therefore, the Court will not give significant deference to Plaintiff's choice of forum. *See Chrystler Capital Corp. v.*

---

[6]The Court assumes Defendants refer to the Southern District of New York, where the Plan is located.

*Woehling*, 663 F. Supp. 478 (D. De. 1987); *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174 (D. Miss. 1985).

**2.      Ease of the access to proof**

Defendants contend that the relative ease of access to proof in the other possible districts supports their motion to transfer for convenience. Mot. at 13. According to Defendants, the Plan documents are in New York, Plaintiff's physicians' treating records are in Los Angeles, documents relating to Plaintiff's job are in New York or Los Angeles, and the claims processing documents are in Missouri. *Id.* Defendants further allege that "the vast majority of sources of proof in this case have no connection with this District." *Id.*

There are a number of problems with Defendants' contentions. First, Defendants do not explain the nature, quantity, or relative importance to their case of any of the purported documents. Second, the fact that the documents are in three separate locations as opposed to one central location outside of the Northern District means that the parties will be collecting documents from multiple locations around the country regardless of where the case is held. Third, and most importantly, Plaintiff contends, and Defendants do not disagree, that both his and Defendants' files, including the entire administrative record,[7] are located in San Francisco. Opp. at 7. In sum, Defendants have failed to adequately specify the nature and value of documents located in other districts, nor have they shown that it is *easier* to procure these documents if the case is transferred to another district. This factor, therefore, falls in favor of Plaintiff.

**3.      Convenience of the parties and witnesses**

Defendants' convenience argument focuses primarily on the witnesses. Defendants point out that all potential witnesses reside in New York, Los Angeles, or Missouri, with none residing in the Northern

---

[7]It is important to note that in most ERISA trials, evidence is limited to the administrative record. *See Kearney v. Standard Ins. Co.*, 175 F.3d 389, 413.

District of California. Motion at 13. Therefore, Defendants contend, those forums would be more convenient for the witnesses. *Id*. Defendants are also concerned with the location of the witnesses giving rise to high transportation costs and limited supboena power. *Id*. at 12.

Plaintiff is correct that Defendants' mere conslusory statements regarding inconvenience to potential witnesses are insufficient. Defendants have not identified who these witnesses are, about what they will be testifying, or why such testimony is relevant or necessary. *See A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974).[8]  Defendants have also failed to divulge where, if anywhere, the majority of the witnesses reside. If, for example, most of the relevant witnesses live in Los Angeles, it would in fact be more convenient for them to appear in the Northern District of California than in New York or Missouri. If most witnesses live in New York, it would be just as inconvenient for them to appear in the Northern District of California as it would be for them to appear in the Central District of California. The convenience factor therefore weighs in favor of Plaintiff.

### 4. Interest of justice

Defendants' "interest of justice" arguments focus primarily on the attenuated connection between the instant action and the Northern District of California. Mot. at 14. Defendants fail to identify any of the factors normally associated with an "interest of justice" argument, including the avoidance of multiple actions, sending the action to the state most familiar with governing law, or the feasibility of consolidation with other actions. *See A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384 (9th Cir. 1974). While the Court agrees with Defendants regarding a general local interest in having localized controversies decided at home, the Court does not agree that this is such a controversy. Indeed, the relevant occurrences involved in this case are spread across at least three federal districts. Regardless, because Defendants have fallen significantly short of their burden to show that transferring the instant case would serve the interest of justice, this factor weighs in favor of Plaintiff.

---

[8]Furthermore, because evidence in ERISA trials is generally restricted to the administrative record (*see supra* note 6), it is questionable how many actual witnesses (if any) will be involved in the instant litigation.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1

2                                                    **CONCLUSION**

3          For the foregoing reasons and for good cause shown, the Court hereby DENIES Defendants'

4    motion to transfer for convenience.

5

6

7    **III.    Motion to Dismiss Plaintiff's Second and Third Claims**

8          Defendants seek to dismiss Plaintiff's second and third causes of action.  Plaintiff's second cause

9    of action is brought under 29 U.S.C. §§ 1104(a)(1), 1109, 1132(a)(2), and 1132(a)(3), asserting a breach

10   of fiduciary duty on the part of USIC and Does 1-10 and seeking removal of these Defendants as Plan

11   fiduciaries.  Plaintiff's third cause of action is brought under 29 U.S.C. § 1132(a)(3), asserting a breach

12   of fiduciary duty on the part of USIC and Does 11-20 and seeking equitable relief.

13

14                                                  **LEGAL STANDARD**

15

16         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

17   fails to state a claim upon which relief can be granted.  A motion to dismiss will only be granted if "it

18   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

19   entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Doe v. United States*, 419

20   F.3d 1058, 1062 (9th Cir. 2005).  The Court must assume that the plaintiff's allegations are true and

21   must draw all reasonable inferences in the plaintiff's favor.  *Id.*  Even if the face of the complaint

22   suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at

23   this stage of the proceedings.  *See Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005).

24

25                                                  **DISCUSSION**

26   **A.    Second Cause of Action**

27

28         Plaintiff's second cause of action alleges a breach of fiduciary duty on the part of Defendants and

11

requests that, on behalf of both Plaintiff and all other participants and beneficiaries of the Plan, Defendants be removed as Plan fiduciaries under 29 U.S.C. § 1109(a).[9]  Comp. ¶ 40.  Plaintiff contends that Defendants have violated the standard of care required of fiduciaries as defined in 29 U.S.C. § 1104(a)(1), and brings this claim under the authority of 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).  *Id*. at ¶ 39, 40.

According to the Ninth Circuit, "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."  *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock,* 861 F.2d 1406, 1414 (9th Cir. 1988), (*citing Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)).  Section 1109(a) authorizes relief only when a fiduciary has breached a duty to a *plan*.  *Id*. at 1413.  To find a breach of fiduciary duty based on a denial of individual benefits, a plaintiff must allege that the denial is part of a "larger systematic breach of fiduciary obligations."  *Russell* at 147.

Here, Plaintiff has only alleged facts surrounding the mishandling of his *own* claim for benefits. Comp. ¶¶ 14, 15, 19, 21-23.  Plaintiff has failed to allege any harm to the plan as a whole, nor has he shown that the mishandling of his claims is part of a larger scheme by defendants to mishandle the claims of anyone else covered by the Plan.[10]  Plaintiff has thus failed to state a claim for breach of fiduciary duty, and his second cause of action is dismissed with leave to amend.

---

[9]29 U.S.C. § 1109(a) states:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 411 of this Act.

[10]The only hint Plaintiff gives of a breach of fiduciary duty is the conclusory allegation that Defendants engaged in "prohibited self-dealing." Comp. ¶ 40. Not only does Plaintiff fail to allege any actions by Defendants that would give rise to such a claim, the prohibition against self-dealing falls under a different section of ERISA altogether. *See* 29 U.S.C. § 1106(b).

**B.      Third Cause of Action**

Plaintiff's third cause of action arises under 29 U.S.C. § 1132(a)(3) and again alleges violation of fiduciary duty on the part of Defendants. *See* Comp. ¶ 42.  Plaintiff seeks equitable relief, including an order by the Court that his total disability benefits be reinstated, that Defendants be enjoined from terminating his benefits for the duration of the Plan, and that he be placed in the position he would have been in had he been paid the benefits to which he is allegedly entitled. *See Id*. at ¶ 43.

As discussed, Plaintiff has failed to state a claim for breach of fiduciary duty on the part of Defendants.  As such, Plaintiff's third cause of action is dismissed with leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's second and third causes of action with leave to amend (Docket No. 15) and DENIES Defendants' venue motion.  (Docket No. 11) **Any amended complaint must be filed on or before February 20, 2007.**

**IT IS SO ORDERED.**

Dated: February 9, 2007                                        _____

                                                                                SUSAN ILLSTON
                                                                                United States District Judge

United States District Court

For the Northern District of California